PERAZA, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Mortgage with a Curable Defect.

No. 519.—Decided May 19, 1922.

COMMUNITY PROPERTY.—A married woman may be a party to a deed and acquire real property validly. If the source of the money paid for it does not appear, the property must be presumed to have been acquired for the community.

The facts are stated in the opinion.

*Mr. G. Zeno Sama* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Gerardo García and his wife, María Dorotea Delgado, acknowledged in a public deed that they owed to Inocencia Peraza Betancourt, of age and married to Francisco García Delgado, a certain sum of money and to secure its payment

they mortgaged two rural properties. The deed was presented in the registry and the registrar recorded it "with the curable defect that the conjugal partnership was not lawfully represented." Inocencia Peraza took the present appeal from the registrar's decision.

In explanation of the grounds of his decision the registrar states the following in his brief:

"That in assigning the curable defect referred to in this appeal he was guided by the provisions of sections 159 and 161 of the Civil Code which read as follows:

" 'Sec. 159.—The husband shall be the administrator of the conjugal property, except when stipulated otherwise.

" 'The purchases made by the wife out of the conjugal property shall be valid when the said purchases comprise things or articles for the use of the family, in accordance with their social position.

" 'Nevertheless the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage.

" 'Sec. 161.—The husband is the legal representative of the conjugal community.

" 'The wife may contract, and appear in court, in all cases referring to the defense of her own rights and property, to the discharge of the *patria potestas,* guardianship or administration conferred on her by the law, and to the exercise of a profession, employment or occupation.'

"Therefore, it is clear that if the husband is the legal representative of the community, the wife can not represent it; and that if purchases made by the wife are valid only when the articles purchased are for the use of the family, it is evident that the community must be represented by the husband in any other purchase, and more especially when real property is purchased."

In this case the wife did not appear as administratrix of the community. She appeared with the authority that every woman, whether married or single, has under our laws to make contracts and acquire property. The law requires only that "in case that the person acquiring the right which is the object of the contract is married, the surname and

the name of the spouse absent at the execution shall appear.'' See section 16 of the Notarial Law. In this case the notary complied with that requirement.

The registrar should have recorded the mortgage in the name of the married woman in whose favor it was created, adding the name of her husband. And inasmuch as from the document it does not appear that the loan secured by the mortgage was the separate property of the wife, it is clear that the right acquired and recorded would be presumed to belong to the community. That is all.

The question is not a new one. It was considered and decided by this Supreme Court as early as 1914. In the case of *Giménez* v. *The Registrar,* 21 P. R. R. 314, 316, Mr. Justice Hutchison, speaking for the court, expressed himself as follows:

''It is true that the husband is the administrative head of the conjugal partnership, but it does not necessarily follow that the wife is incapacitated to accept a deed of conveyance without his consent. Aside from the mere question of administration, our attention has been drawn to no section of the code that draws any distinction whatsoever between the spouses, and the general tenor and spirit of the law in dealing with husband and wife and community property consistently negative such idea of any further distinction. The significant omission from our local code of article 61 of the Spanish Code, which expressly provides that the wife can not without permission or power of attorney from her husband acquire either by onerous or lucrative title, nor alienate her property nor bind herself except in the cases and under the restrictions provided for by law, also clearly indicates, to say the least, that we should not be unmindful of the maxim *ubi lex non distinguit, nec nos distinguere debemus.*''

By virtue of the foregoing the decision appealed from must be reversed as regards the curable defect therein assigned.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.